869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MOORISH AMERICAN MOSLEMS; Ali A. Akbar-El, Plaintiffs-Appellants,
v.
Wali MUHAMMAD; Arthur Tate, Jr.; Richard P. Seiter: Ron
Edwards, Defendants- Appellees.
 No. 88-3265.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1989.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and ROBERT McRAE, Jr., Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ali A. Akbar-El and the Moorish American Moslems appeal the summary judgment for defendants in this prisoner civil rights action filed under 42 U.S.C. Sec. 1983 in which they alleged that the defendant prison officials deprived them of their first amendment right to freedom of religion. Plaintiffs complained of defendants' refusal to recognize officially their non-traditional Islamic religious group because plaintiffs have not submitted outside verification by affidavit of their affiliation with an established religion different from traditional Islam.
 
 
 4
 The opinion of the district court emphasized an affidavit from the Chaplain and Administrator of Religious Services for the Ohio Department of Corrections noting that the Department would schedule non-traditional services when non-traditional inmate religious groups have "provided necessary outside verification."
 
 
 5
 Plaintiffs have submitted, along with their pro se brief, exhibits purporting to be a warrant of authority from the Moorish Science Temple of America, Inc., a group purportedly in general existence since 1913 and possessed of branch temples in various parts of the country. The warrant is not issued to specific persons and is not in affidavit form. The Department's policy requires that such matters of religious doctrine be attested to in affidavit form by religious leaders outside the prison community. The reason given for this, which the district judge found "reasonably related to legitimate penological interests" under O'Lone v. Shabazz, 107 S.Ct. 2400, 2404 (1987) and Turner v. Safley, 107 S.Ct. 2254, 2261 (1987), is to prevent the occurrence of inappropriate power and authority relationships among prisoners within the prison under the rubric of religious organization.
 
 
 6
 However, as shown by the record (A-59), the State of Ohio has declared itself willing, by letter of the Attorney General of August 4, 1987, to apply its general rules equally to the Moorish Science Temple of America and to plaintiffs, if specified appropriate documentation is filed by the Moorish Science Temple of America.
 
 
 7
 We agree with plaintiffs that the State should not be in the position of distinguishing among religions on doctrinal grounds, as opposed to grounds necessary for the maintenance of prison order and security. There is nothing in the record to indicate that plaintiffs' requests will not be evaluated fairly if proper documentation is supplied.
 
 
 8
 We therefore affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert McRae, Jr., Senior U.S. District Judge for the Western District of Tennessee, sitting by designation